FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 02 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00435-BNB

CHRISTOPHER L. HARRIS,

    Plaintiff,

v.

JOHN L. KAMMERZELL, U.S. Marshal, Against his Individual and Official Capacity,

    Defendant.

## ORDER OF DISMISSAL AND IMPOSITION OF FILING RESTRICTIONS

Plaintiff, Christopher L. Harris, acting *pro se* initiated this action on February 22, 2011, by filing a Prisoner Complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). It appears that the claims Mr. Harris is raising in this action were raised in at least three previous actions and were found to be legally frivolous. *See Harris v. Wands*, No. 10-cv-02735-LTB, 2010 WL 5339604 (D. Colo. Dec. 10, 2010) (unpublished), *aff'd* No. 10-1570, 2011 WL 304824 (10th Cir. February 1, 2011) (unpublished); *Harris v. Anderson*, No. 10-cv-03227-RED (W.D. Mo. Nov. 2, 2010) (unpublished); *Harris v. Anderson*, No. 10-cv-03225-DW (W.D. Mo. Oct. 29, 2010) (unpublished), *aff'd* No. 10-3593 (8th Cir. Dec. 30, 2010) (summarily affirmed) (unpublished).

Mr. Harris was warned previously by this Court in Case No. 10-cv-02735-LTB that any future frivolous filings by Mr. Harris may result in filing restrictions. He also was warned by the Tenth Circuit that it would not tolerate the type of frivolous behavior that he has exhibited in his filings. Pursuant to these warnings, on March 31, 2011, Magistrate Judge Boyd N. Boland directed Mr. Harris to show cause why he should not be enjoined from filing any future actions in this Court that challenge his conviction and sentence based on principles of contract and commercial transactions law or any other theory of law that is legally frivolous. Mr. Harris filed a Response to Show Cause Order on April 14, 2011. The Response, like the Complaint, is a discussion of either contract law or commercial transaction law and is unresponsive to the Order to Show Cause.

Mr. Harris also was instructed in the March 31 Order that "the right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam) (quoted in *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006)). Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate the activities of abusive litigants by entering orders that are "necessary or appropriate in aid of [the Court's] jurisdiction." *See Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994) (per curiam); *Tripati*, 878 F.2d at 352. "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances," *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986), and "where, as here, a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate," *In*

re Winslow, 17 F.3d at 315.

The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. Phillips v. Carey, 638 F.2d 207, 209 (10th Cir. 1981). These restrictions may provide limitations or conditions on the filing of future suits. Id. Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. Tripati, 878 F.2d at 353-54.

The Court has reviewed all the cases that Mr. Harris has filed seeking release from prison based on contract law and commercial transaction law. These cases are repetitive and substantively frivolous. Mr. Harris's continual filing of these cases is malicious. He has been instructed about future filing restrictions and has been given an opportunity to oppose the restrictions. The Court, therefore, will enjoin him from filing any future pro se actions in this Court as of the date of this Order that seek release from prison based on contract law or commercial transaction law or any other theory of law that is legally frivolous. Accordingly, it is

ORDERED that Mr. Harris is enjoined from filing any future civil actions in this Court that seek release from prison based on contract law, the law of commercial transactions, or any other theory of law that is legally frivolous. It is

FURTHER ORDERED that in any future pro se pleadings Mr. Harris submits to this Court the pleadings shall be reviewed by a judicial officer pursuant to

D.C.COLO.CivR 8.1 as follows: (1) first by a magistrate judge to determine whether the filing seeks his release from prison based on contract law, the law of commercial transactions, or any other theory of law that is legally frivolous; and (2) second by a district judge, if a magistrate judge finds that the pleading seeks release from prison and is legally frivolous, who shall determine whether or not the pleading should be filed. It is

FURTHER ORDERED that the Complaint and action are dismissed with prejudice pursuant 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that all pending motions, Doc. Nos. 14 and 21, and the "Objection to Minute Order Entered by Magistrate Judge Boyd N. Boland April 15, 2011," Doc. No. 22, are denied as moot.

DATED at Denver, Colorado, this __2nd__ day of _____May_____, 2011.

BY THE COURT:

___s/Lewis T. Babcock___
LEWIS T. BABCOCK, Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00435-BNB

Christopher L. Harris
Reg. No. 05927-028
FCI Florence
P.O. Box 6000
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on May 2, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk